## CITY OF LEESBURG v. STATE, et al.
### No. 75-17.
Circuit Court, Lake County.

February 10, 1975.

James G. Sharon, Jr., Leesburg, for the city.

Gordon G. Oldham, Jr., State Attorney, for the state.

W. TROY HALL, Jr., Circuit Judge.

*Final judgment:* The above and foregoing cause came on for final hearing on the date and at the time and place set forth in the order to show cause heretofore issued by this court and in the notice addressed to the state of Florida and the several property owners, taxpayers and citizens of the city of Leesburg, Florida (hereinafter called "plaintiff") including non-residents owning property or subject to taxation therein and all others having or claiming any right, title or interest in property to be affected by the issuance by the plaintiff, of not exceeding $2,000,000 Utilities Revenue Certificates, Series 1974 (hereinafter called "obligations"), dated October 1, 1974, hereinafter more particularly described, or to be affected in any way thereby, as heretofore issued against the state of Florida on complaint of the plaintiff, Gordon G. Oldham, Jr.,

state attorney, having filed an answer herein, this cause having duly come on for final hearing, and the court having considered the same, heard the evidence and being fully advised in the premises, finds as follows, that —

1. Plaintiff, is and at all times hereinafter mentioned was, a duly and legally organized and existing political subdivision of the state of Florida, created and incorporated under the provisions of the constitution and the laws of the state of Florida.

2. Plaintiff, in and by Chapter 9820, Laws of Florida, Special Acts of 1923, as amended and supplemented, is authorized to acquire and construct extensions, additions and improvements to the plaintiff's water distribution facilities, electric power distribution facilities, sewage collection and treatment facilities and its natural gas distribution facilities, all of which are operated in combination as a single combined system (hereinafter sometimes called the "system"), in accordance with the plans and specifications on file or to be filed with the plaintiff (hereinafter called "project").

3. Authority is conferred upon the plaintiff by the constitution and laws of the state of Florida, particularly such Chapter 9820, to issue the obligations to finance the cost of the project and to pledge the net revenues derived from the operation of the system to the payment of such obligations and the interest thereon on a parity with certain outstanding Utilities Revenue Certificates, dated October 1, 1954; Utilities Revenue Certificates, Series 1959; Utilities Revenue Certificates, Series 1962; Utilities Revenue Certificates, Series 1965 and Utilities Revenue Certificates, Series 1970.

4. It is necessary for the continued preservation of the health welfare, convenience and safety of the plaintiff and its inhabitants to construct and acquire the project, and it is essential that same be accomplished in accordance with the provisions of that certain ordinance enacted on December 9, 1974 (hereinafter called "ordinance"), which said ordinance authorizes the issuance of the obligations, hereinafter more particularly described.

5. Pursuant to and in accordance with the provision of the constitution and laws of Florida, plaintiff, by such ordinance authorized and provided for the issuance of the obligations, dated October 1, 1974, in the denomination of $5,000 each, numbered consecutively from one upward, maturing and bearing interest at such rate or rates as hereinafter set forth, for the purpose of financing the cost of the project, all of which appears and is more fully set forth in the certified copy of the ordinance heretofore filed herein.

6. The estimated net revenues to be derived from the operation of the system will be sufficient to pay the amount to become due

in each fiscal year for the payment of the principal of and interest on the obligations herein referred to and on the outstanding obligations payable on a parity therewith.

7. The obligations shall be payable as to both principal and interest solely from the net revenues derived from the operation of the system. The obligations will not constitute an indebtedness of the plaintiff within the meaning of any statutory limitation and no holder or holders of any of the obligations or any coupons appertaining thereto shall ever have the right to compel the exercise of the ad valorem taxing power of the plaintiff to pay the obligations or the interest thereon or to make any of the reserve, sinking fund or other payments provided for in the ordinance. The obligations shall not constitute a lien upon the system except upon the revenues derived from the operation of the system.

8. The obligations are not "bonds" within the meaning of the constitution of Florida, and are not required by the constitution and statutes to be approved at an election.

9. The plaintiff, pursuant to the constitution and laws of the state of Florida, has the power and is authorized, and in the ordinance has covenanted, at all times, to fix, establish and maintain such rates and collect such fees, rentals or other charges for the services and facilities of the system, and to revise the same from time to time whenever necessary, which will always provide revenues sufficient to pay, through the manner specified in the ordinance, the principal of and interest on the obligations, in addition to paying as the same shall become due the necessary expenses of operating and maintaining the system, all reserve or sinking fund or other payments provided for in the ordinance, and all other obligations and indebtedness payable from the revenues of the system and that such rates, fees, rentals or other charges shall not be reduced so as to be insufficient to provide adequate revenues for such purposes. Such covenant is legal and valid in all respects.

10. The plaintiff is authorized to issue the obligations as additional parity obligations pursuant to the provisions of the ordinance of the plaintiff authorizing the issuance of the outstanding parity obligations.

11. The obligations are of the character and the proceedings preliminary to the issuance thereof are of the nature as entitle the plaintiff to proceed within the provisions of Chapter 75, Florida Statutes, for the purpose of having the right of the plaintiff to issue the obligations determined.

12. Due and proper notice addressed to the state of Florida, and the several property owners, taxpayers and citizens of the plaintiff,

including non-residents owning property or subject to taxation therein and all others having or claiming any right, title or interest in property to be affected by the issuance by the plaintiff of the obligations, hereinbefore described, was duly published by the clerk of this court in a newspaper published and of general circulation in said city of Leesburg, Florida, once each week for three consecutive weeks, the first publication being at least twenty days prior to the date of said hearing, as required by law, all as will more fully appear from the affidavit of the publisher of the Daily Commercial heretofore herein filed.

13. No taxpayer, citizen or other person has intervened or made application to become a party to said proceedings for the purpose of interposing objections to the granting of the prayers as set forth in said complaint as provided by law.

14. The answer of the state attorney for and on behalf of the state of Florida has been carefully considered by this court. Such answer shows no cause why the prayer of the plaintiff should not be granted and discloses no irregularity or illegality in the proceedings set forth in said complaint, and the objections contained in said answer be and the same are hereby overruled and dismissed.

15. This court has found that all requirements of the constitution and laws of the state of Florida pertaining to the enabling act and proceedings in the above entitled matter have been strictly followed.

Now, therefore, it is ordered and adjudged, that the issuance of Utilities Revenue Certificates, Series 1974, dated October 1, 1974, of the City of Leesburg, Florida, in the sum of not exceeding $2,000,000, in the denomination of $5,000 each, numbered consecutively from one upward, and maturing in numerical order on October 1 in each of the years 1990 to 1998, inclusive, bearing interest not exceeding the maximum rate permitted by law, principal and semiannual interest (April 1 and October 1) callable as provided in said ordinance, is for a proper, public, legal and corporate purpose and is fully authorized by law, and that the obligations and each of them to be issued as aforesaid and all proceedings incident hereto are hereby validated and confirmed. The obligations are to be issued to finance the cost of the project. The obligations as and when so issued, will be payable from and secured by a lien upon and a pledge of the net revenues derived from the operation of the system of the plaintiff on a parity with certain outstanding Utilities Revenue Certificates, dated October 1, 1954; Utilities Revenues Certificates, Series 1959; Utilities Revenue Certificates, Series 1962; Utilities Revenue Certificates, Series 1965 and Utilities Revenue Certificates, Series 1970, in the

manner and under the terms and conditions contained in the ordinance.

There shall be stamped or written on the back of each of said obligations, a statement in substantially the following form —

> "This certificate is one of a series of certificates which were validated and confirmed by judgment of the Circuit Court for Lake County, Florida rendered on the\_\_\_\_day of February, 1975.
>
> _____
> Mayor-Commissioner"

provided, however, that should an appeal be taken from this judgment within the period of thirty days, then and in that event the obligations shall not be delivered to the purchaser or purchasers unless and until a mandate of the Supreme Court of Florida affirming this judgment shall have been recorded in the office of the clerk of this court.